IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY J. ANDERSON,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY BOARD OF SUPERVISORS<br>FOR CONTRA COSTA JAIL, et al.,<br><br>    Defendants. | No. C 13-0307 LHK (PR)<br><br>ORDER DISMISSING CASE<br>WITH LEAVE TO AMEND |

    Plaintiff, a pre-trial detainee proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court dismisses the complaint with leave to amend.

## DISCUSSION

A. <u>Standard of Review</u>

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.    Plaintiff's Claims

Plaintiff's complaint appears to be a list of general complaints that Plaintiff has had since being transferred from a minimum security housing in January 2011 to administrative segregation at Martinez Detention Facility. It is not clear what, if any, cognizable claims Plaintiff is asserting. As best the Court can tell, Plaintiff alleges that his housing was in error, that his medical needs were not met, and that he was retaliated against, among other things.

The complaint has several deficiencies that require an amended complaint to be filed. First, the complaint includes several claims that do not appear to be properly joined. In his amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. The bottom line is that Plaintiff cannot complain in his amended complaint about unrelated incidents during his imprisonment. He must choose what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his amended complaint, they will be dismissed.

Moreover, Plaintiff is reminded that Section 1983 does not impose liability for violations of duties of care arising out of state tort law. *See DeShaney v. Winnebago County Social Servs. Dep't*, 489 U.S. 189, 201-03 (1989); *Baker v. McCollan*, 443 U.S. 137, 146 (1979) (without more, there is no action for false imprisonment). The Due Process Clause is not implicated by a state official's negligent act causing unintended loss or injury to life, liberty, or property. *See Daniels v. Williams*, 474 U.S. 327 (1986). To state a claim for relief, therefore, Plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. *See Paul v. Davis*, 424 U.S. 693, 697 (1976). To the extent Plaintiff's complaint raises violations of state law, those claims are DISMISSED without leave to amend.

In addition, the complaint does not comply with the requirement that the averments be

1  "simple, concise, and direct." Federal Rule of Civil Procedure 8(a) requires that the complaint
2  set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."
3  "While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to
4  provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions,
5  and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual
6  allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*
7  *Corp. v. Twombly*, 550 U.S. 544, 553-56, (2007) (citations omitted).  A complaint should be
8  dismissed if it does not proffer "enough facts to state a claim for relief that is plausible on its
9  face." *Id.* at 570.  In sum, Plaintiff should specifically state what happened, when it happened,
10 what each Defendant did, and how those actions or inactions rise to the level of a federal
11 constitutional violation.  Without this basic information, the Plaintiff's case must be dismissed.
12 The amended complaint need not be long.  In fact, a brief and clear statement with regard to each
13 claim listing each Defendant's actions regarding that claim is preferable.  Accordingly, the
14 complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff will be provided with thirty
15 days in which to amend to correct the deficiencies in his complaint if he can do so in good faith.
16    Plaintiff is also advised that, if he is being held on pending criminal charges, any civil
17 rights claims which might "impugn an anticipated future conviction cannot be brought until
18 conviction occurs and is set aside." *Wallace v. Kato*, 549 U.S. 384, 393 (2007).   In other words,
19 if Plaintiff files a § 1983 claim related to rulings that likely will be made in a pending or
20 anticipated criminal trial, it is within the power of the district court, and accords with common
21 practice, to stay the civil action until the criminal case or the likelihood of a criminal case is
22 ended.  Id. at 393-94.

**CONCLUSION**

24    For the foregoing reasons, the court hereby orders as follows:
25    1.    Plaintiff's complaint is DISMISSED with leave to amend.
26    2.    If Plaintiff can cure the pleading deficiencies described above, he shall file an
27 AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The amended
28 complaint must include the caption and civil case number used in this order (C 13-0307 LHK

1  (PR)) and the words AMENDED COMPLAINT on the first page.  The amended complaint must
2  indicate which specific, named Defendant(s) was involved in each cause of action, what each
3  Defendant did, what effect this had on Plaintiff and what right Plaintiff alleges was violated.
4  Plaintiff may not incorporate material from the prior complaint by reference.  If Plaintiff files an
5  amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that
6  demonstrate that he is entitled to relief under the applicable federal statutes.  **Failure to file an**
7  **amended complaint within thirty days and in accordance with this order will result in a**
8  **finding that further leave to amend would be futile and this action will be dismissed.**
9         3.      Plaintiff is advised that an amended complaint supersedes the original complaint.
10 "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
11 in the amended complaint."  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).
12 Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v.*
13 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).
14        4.      It is the Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
15 Court informed of any change of address by filing a separate paper with the Clerk headed
16 "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.
17 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
18 Federal Rule of Civil Procedure 41(b).
19     IT IS SO ORDERED.
20 DATED:  4/10/13

                                          LUCY H. KOH
                                          United States District Judge

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.LHK\CR.13\Anderson307dwla.wpd     4