IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY J. ANDERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COUNTY BOARD OF SUPERVISORS ) <br> FOR CONTRA COSTA JAIL, et al., ) <br> ) <br> Defendants. ) <br> ) | No. C 13-0307 LHK (PR) <br><br> ORDER OF SERVICE; <br> DIRECTING DEFENDANTS TO <br> FILE DISPOSITIVE MOTION OR <br> NOTICE THAT SUCH MOTION IS <br> UNWARRANTED |

Plaintiff, a pre-trial detainee proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court serves the amended complaint on named Defendants.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Order of Service; Directing Defendants to File Dispositive Motion or Notice that Such Motion is Unwarranted
G:\PRO-SE\LHK\CR.13\Anderson307srv.wpd

1  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
2  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
3  the alleged deprivation was committed by a person acting under the color of state law. *West v.*
4  *Atkins*, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

Plaintiff's original complaint was a list of general complaints that Plaintiff had since being transferred from minimum security housing in January 2011, to administrative segregation at the Martinez Detention Facility. It was not clear what, if any, cognizable claims Plaintiff was asserting. As best the Court could tell, Plaintiff alleged that his housing was in error, that his medical needs were not met, and that he was retaliated against, among other things. The Court explained to Plaintiff that his complaint included unrelated claims and warned Plaintiff that if he asserted improperly joined claims again, the Court would dismiss them. The Court further warned Plaintiff that the complaint did not proffer enough facts to raise a right to relief above the speculative level and was too conclusory. The Court directed Plaintiff to specifically state what happened, when it happened, what each Defendant did, and how those actions or inactions rise to the level of a federal constitutional violation.

Plaintiff's amended complaint is an improvement, but still raises claims ranging from deliberate indifference to medical needs, to a failure to protect, to a violation of his right to receive mail. Further, Plaintiff does not link many of his allegations to named Defendants. Because the Court can discern one claim from Plaintiff's amended complaint, and has given Plaintiff the opportunity to only include properly joined claims in his amended complaint, instead of dismissing the entire action, the Court will dismiss all claims raised in Plaintiff's amended complaint except for Plaintiff's claim that Defendants were deliberately indifferent to his serious medical needs.

Specifically, Plaintiff alleges that sometime in 2011, Plaintiff suffered a fractured jaw and was taken to the County Clinic. When he returned to Martinez Detention Facility, Plaintiff was not given any pain medication or his liquid diet. Defendants Clawson, Sibbitt, and Vanscoy ignored him, and Nurse Jennifer did not give Plaintiff time to swallow. Defendants Dr. McBride

and Dr. Faivre refused to tend to Plaintiff and falsely denied to the facility staff that Plaintiff had any surgery scheduled to fix his jaw. Liberally construed, Plaintiff has stated a cognizable claim that Defendants were deliberately indifferent to his serious medical needs.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1.   With the exception of Plaintiff's deliberate indifference to medical needs claim, Plaintiff's remaining claims are dismissed without prejudice to re-filing each properly joined claim in a separate and new action. Defendants County Board of Supervisors, David O. Livingston, Mark A. Peterson, Dr. Walker, David Briggs, and Joyce C. Sasse are DISMISSED without prejudice.

2.   The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), and a copy of this Order to **Clawson, Sibbitt, Vanscoy, Nurse Jennifer, Dr. McBride, and Dr. Faivre** at **Martinez Detention Facility**.

The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this Order to the law firm of McNamara Ney Beatty Slattery Borges and Ambacher, 1211 Newell Avenue, Walnut Creek, CA 94596. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3.   Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the bottom of the

waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

    4.    No later than **ninety (90) days** from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

        a.    If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

        b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.</u>**

    5.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

    6.    Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

    7.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 7/13/13

*Lucy H. Koh*
LUCY H. KOH
United States District Judge