IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY J. ANDERSON, | No. C 13-0307 LHK (PR) |
| Plaintiff, | ORDER ADDRESSING PENDING MOTIONS |
| v. | |
| BENJAMIN CLAWSON, et al., | (Docket Nos. 29, 38, 49, 52, 53, 54, 55, 58, 69, 77) |
| Defendants. | |

Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Pending before the court are a variety of motions which the court now addresses below.

I.   Defendants' motion to dismiss

On October 4, 2013, defendants filed a motion to dismiss for failure to exhaust. However, the Ninth Circuit recently overruled *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion. *Albino v. Baca*, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc). "[A] failure to exhaust is more appropriately handled under the framework of the existing rules than under an 'unenumerated' (that is, non-existent) rule." *Id.*

Under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6). *Id.* Otherwise,

1  defendants must produce evidence proving failure to exhaust in a motion for summary judgment
2  under Rule 56. *Id.* Defendants must present probative evidence that there was an available
3  administrative remedy and that the prisoner did not exhaust that available administrative remedy.
4  *Id.* at *5, *8.

5  In view of *Albino*, defendants' motion to dismiss this action under the unenumerated
6  portion of Rule 12(b) for failure to exhaust available administrative remedies, as required by the
7  PLRA, is DENIED. (Docket No. 29.) This denial is without prejudice to defendants renewing
8  their failure to exhaust defense in a comprehensive motion for summary judgment, if
9  appropriate. In order to expedite these proceedings, defendants must serve and file a motion for
10 summary judgment (whether or not they choose to raise a failure to exhaust defense) within 60
11 days of this order. Plaintiff must serve and file an opposition or statement of non-opposition to
12 the motion not more than 28 days after the motion is served and filed, and defendants must serve
13 and file a reply to an opposition not more than 14 days after the opposition is served and filed.[1]

14 II.   Discovery motions

15     A.   Plaintiff's request for discovery / motion to compel / request for disclosure of
16          records

17 Plaintiff has a filed a request for discovery, a motion to compel, and a request for
18 subpoena or disclosure of records from defendants. (Docket Nos. 38, 49, 69.) Specifically,
19 plaintiff seeks: (1) all custodian records from West County Detention Facility and Martinez
20 Detention Facility ("MDF") from June 10, 2010 to the time plaintiff was transferred to San
21 Quentin State Prison; (2) a copy of the notes from several interviews in January 2011; (3)
22 medical records at Contra Costa Regional Medical Center from January 2011 through 2013; (4)
23 medical records at Contra Costa County Health Services; and (5) any and all letters, grievances,
24 complaints, documents, investigation results filed and kept at Contra Costa County buildings
25 from November 2010 through September 22, 2013, including Superior Court case filings.
26 (Docket No. 38.) Plaintiff also seeks photographs of all defendants, performance reviews for the

27 ─────────────

28     [1] In light of the court's denial of defendants' motion to dismiss, defendants' motion to
    stay discovery is also DENIED as moot and without prejudice. (Docket No. 77.)

Order Addressing Pending Motions
P:\PRO-SE\LHK\CR.13\Anderson307misc2.wpd        2

1  previous five years of the defendants, compensation records, and other documents. (Docket No. 69.)

In general, the court is not involved with discovery matters unless and until the parties have satisfied the "meet and confer" requirements of the discovery rules. *See* Fed. R. Civ. P. 37(a)(1) (providing motion to compel must include certification movant has in good faith conferred or attempted to confer with non-disclosing party in effort to secure disclosure without court action). Moreover, federal courts do not conduct discovery for the parties. Accordingly, plaintiff's request for discovery, motion to compel, and request for disclosure of records will be DENIED without prejudice to plaintiff complying with the Federal Rules of Civil Procedure.[2] (Docket Nos. 38, 49, 69.) To the extent that plaintiff wishes to compel production of documents from a nonparty, the court will consider ordering the United States Marshal to serve a subpoena duces tecum on a non-party if plaintiff submits to the court a completed subpoena form and the requisite fee. The form must describe the items to be produced with reasonable particularity and designate a reasonable time, place and manner for their production. *See* Fed. R. Civ. P. 34(b). **The clerk is instructed to send plaintiff a blank subpoena form along with this order.**

B.   <u>Plaintiff's motion to quash the subpoena</u>

Plaintiff has also filed an objection or opposition (docket no. 36) to defendants' subpoenas, issued to the Contra Costa Health Services at MDF where plaintiff was housed, and to the Contra Costa County Regional Medical Center. The subpoenas requested records regarding plaintiff from January 1, 2010 through August 23, 2013. Plaintiff argues that the subpoenas subject him to an undue burden and requires the disclosure of privileged and "other protected matter." Plaintiff requests that he be allowed to inspect the records first, and plaintiff would disclose the relevant records to defendants himself.

The court construes plaintiff's objections as a motion to quash the subpoena. Under Federal Rule of Civil Procedure 45(a)(1)(c), a nonparty to a civil suit, such as a mental health

---

[2] Moreover, the court notes that defendants have averred that, on November 4, 2013, they produced 815 pages of documents responsive to plaintiff's request for discovery. (Docket No. 45, Ex. A.) Thus, it appears that at least one of plaintiff's requests may be moot.

1 practitioner or primary care physician, can be subpoenaed for documents relevant to the suit.
2 Under Federal Rule of Civil Procedure 26(b)(1), documents are discoverable if they are not
3 privileged and are "relevant to any party's claim or defense" or "reasonably calculated to lead to
4 the discovery of admissible evidence." A court may quash an otherwise relevant subpoena if the
5 subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver
6 applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

7       A party enjoys privacy rights in his medical records in general. *See Bertram v. Sizelove*,
8 2012 WL 273083, at *2 (E.D. Cal. Jan. 30, 2012). However, a party may waive these privacy
9 rights if the party puts their contents at issue in a case. *Smith v. Solano Cnty.*, 2012 WL
10 3727332, at *1 (E.D. Cal. Aug. 24, 2012); *Bertram*, 2012 WL 273083, at *3. Any waiver,
11 however, is "limited to the private information that is relevant to the lawsuit ." *Enwere v.
12 Terman Associates*, L.P., 2008 WL 5146617, at *2 (N.D. Cal. Dec. 4, 2008) (citation omitted).

13       In the underlying lawsuit, plaintiff seeks money damages for his allegations against
14 defendants that they were deliberately indifferent to his serious medical needs. By bringing this
15 cause of action, plaintiff has placed his medical condition at issue, and therefore waived his
16 privacy rights with respect to his medical records. Defendants are entitled to reasonable
17 discovery that will shed light on the nature of plaintiff's medical condition and on any treatment
18 related to his condition. Accordingly, the motion to quash the subpoenas is DENIED.

19 III.    Requests for injunctive relief

20       Plaintiff requests that the court take jurisdiction over plaintiff's medical concerns and
21 oversee matters pursuant to the remedial order in *Armstrong v. Davis*, No. 94-2307 CW. This
22 request is denied. To the extent that plaintiff wishes to be included in that class, plaintiff must
23 pursue assistance due under the Armstrong Plan "via the consent decree or through class
24 counsel." *Crayton v. Terhune*, No. C 98-4386 CRB (PR), 2002 WL 31093590, *4 (N.D. Cal.
25 Sept. 17, 2002).

26       Plaintiff also requests that the court transfer him to a county hospital outside of the prison
27 for specialized dental care because medical staff at San Quentin State Prison are not caring for
28 plaintiff's dental needs. (Docket No. 52 at 4.) Plaintiff further requests that the court transfer

1  him to another institution that could better treat his mental health.  (*Id.* at 5.)  Plaintiff also
2  requests that the court enjoin all county officials who have access to plaintiff's personal
3  information to keep all of plaintiff's information confidential.  (Docket No. 58 at 3.)  In addition,
4  plaintiff accuses jail and prison officials of mail tampering.  (Docket No. 58.)

5        "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be
6  granted unless the movant, *by a clear showing*, carries the burden of persuasion.'"  *Lopez v.*
7  *Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original).  "A
8  plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,
9  that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of
10 equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural*
11 *Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

12       At this time, a preliminary injunction must be denied because this court cannot order the
13 relief plaintiff requests.  An injunction is binding only on parties to the action, their officers,
14 agents, servants, employees and attorneys and those "in active concert or participation" with
15 them. Fed. R. Civ. P. 65(d).  Plaintiff does not specify individual names in his requests for
16 injunction.  Moreover, as defendants in the underlying case are all medical staff from the county
17 jail, the allegations in plaintiff's motions for an injunction – including mail tampering and
18 confiscation of property – are not likely to involve the medical staff defendants.  To enforce an
19 injunction against an individual or entity, the district court must have personal jurisdiction over
20 them.  *In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996).  An injunction
21 against a party over whom the court lacks personal jurisdiction would be futile because the court
22 would be powerless to enforce it.  *Id.*  Accordingly, plaintiff's requests for injunctions are
23 DENIED at this time.  (Docket Nos. 52, 58.)

24       Plaintiff also requests that the court redact plaintiff's name and personal information
25 from all public records, especially Superior Court Case No. 5-110688-9 as well as from internet
26 sites.  Plaintiff's request is overly broad.  Federal Rule of Civil Procedure 5.2(a) states that,
27 "[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains
28 an individual's social-security number, taxpayer-identification number, or birth date, the name of

an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number." Plaintiff does not identify what private information may be found in what pleading or document. As currently requested, plaintiff's request is DENIED. (Docket No. 58.)

IV.     Requests for an expert witness and counsel

Plaintiff requests that the court appoint an expert to assist plaintiff in this litigation. (Docket Nos. 53, 54.) However, the facts of this case are no more extraordinary than many of the other *pro se* prisoner cases in this court, and the legal issues involved here do not appear to be more complex than those found in the majority of the cases now pending before the court. *Wilds v. Gines*, No. C 08-03348 CW (PR), 2011 WL 737616, at *4 (N.D. Cal. Feb. 23, 2011); *Honeycutt v. Snider*, No. 3:11-cv-00393-RJC (WGC), 2011 WL 6301429, at *1 (D. Nev. Dec. 16, 2011) ("The appointment of experts in deliberate indifference cases is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which indigent prisoners allege claims under the Eighth Amendment related to medical care, and the substantial expense defendants may have to bear if courts were to appoint experts in such cases.") Moreover, at this stage in the proceedings, there is no need for any expert testimony. Plaintiff's requests for appointment of an expert, therefore, is DENIED without prejudice.[3] (Docket Nos. 53, 54.)

Relatedly, plaintiff has also filed an ex-parte request for the court to "transmit a copy" of his request for appointment of an expert witness. Plaintiff's request is difficult to understand. To the extent plaintiff is asking the court to distribute his request to potential expert witnesses, the request is DENIED. (Docket No. 55.) After filing this request, plaintiff informed the court that the request should not have been filed in this underlying case but rather in an unrelated case

---

[3] Plaintiff also requests that the court sanction defense counsel for discovery violations. However, defendants have not yet been ordered to produce discovery, and sanctions are inappropriate at this time. Fed. R. Civ. P. 37(d)(3). Thus, plaintiff's request for sanctions is DENIED. (Docket No. 54.)

Order Addressing Pending Motions
P:\PRO-SE\LHK\CR.13\Anderson307misc2.wpd            6

1  that plaintiff is litigating in this court.  (Docket No. 63.)  Thus, to the extent plaintiff wishes for
2  that request to be filed in his other case, plaintiff must file his pleading in that case with the
3  proper case number.

4        Plaintiff has also requested appointment of co-counsel or counsel to assist in this
5  litigation.  There is no constitutional right to counsel in a civil case such as this.  *See Lassiter v.*
6  *Dep't of Social Services*, 452 U.S. 18, 25 (1981).  Rather, pursuant to 28 U.S.C. § 1915, a district
7  court has the power to "request" that counsel represent a litigant who is proceeding in forma
8  pauperis.  28 U.S.C. § 1915(e)(1).  The decision to request counsel to represent an indigent
9  litigant under § 1915 is within "the sound discretion of the trial court and is granted only in
10  exceptional circumstances."  *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  To date,
11  plaintiff has been able to present his claims in an adequate manner and there are no exceptional
12  circumstances warranting appointment of counsel at this time.  Thus, plaintiff's request for
13  counsel is DENIED without prejudice.

14  V.    Conclusion

15        Defendants' motion to dismiss is DENIED without prejudice.  (Docket No. 29.)
16  Defendants shall file a motion for summary judgment, or notice that such a motion is
17  inappropriate, within 60 days of the filing date of this order.  Should defendants file a motion for
18  summary judgment, plaintiff's opposition is due twenty-eight days thereafter.  Defendants must
19  file a reply within fourteen days of plaintiff's opposition.

20        Plaintiff's request for discovery, motion to compel, and request for subpoena are
21  DENIED.  (Docket Nos. 38, 49, 69.)  Plaintiff's motion to quash the subpoena is DENIED.
22  Plaintiff's request that the court take jurisdiction of plaintiff's medical concerns is DENIED.
23  Plaintiff's requests for an injunction are DENIED.  (Docket Nos. 52, 58.)  Plaintiff's requests for
24  appointment of an expert and counsel are DENIED.  (Docket Nos. 53, 54.)  Plaintiff's request for
25  the court to transmit a copy of his request for appointment of an expert witness to potential
26  expert witnesses is DENIED.  (Docket No. 55.)  Defendants' motion for a protective order to
27  stay discovery is DENIED as moot and without prejudice.  (Docket No. 77.)
28

Order Addressing Pending Motions
P:\PRO-SE\LHK\CR.13\Anderson307misc2.wpd    7

IT IS SO ORDERED.

DATED: 7/25/14

_____
LUCY H. KOH
United States District Judge